Russell Watt, Appellee, v. Iroquois Auto Insurance Underwriters, Appellant.

Gen. No. 8,360.

Opinion filed February 3, 1930.

O. D. Mann, for appellant.

Lewman & Carter, for appellee.

Per Curiam.

This is a suit in assumpsit brought by appellee, hereinafter referred to as the plaintiff, originally brought against two defendants, Iroquois Underwriters, Inc., against which said defendant the suit was later dismissed, and against Iroquois Auto Insurance Underwriters, appellant herein, hereafter referred to as the defendant.

The declaration consisted of the common counts and one special count and the action arose out of the loss by fire of the truck of the plaintiff insured by the defendant against such loss in the sum of not to exceed $3,500. The plaintiff filed an affidavit of claim with his declaration, swearing that he had lost his truck by fire; that the truck was insured against such loss by the defendant; and that the amount due the plaintiff, after allowing all just credits, deductions and set-offs, was $3,500. The defendant filed the general issue and four special pleas, three of which were later amended. The first special plea alleged that the insurance policy was issued upon an application for insurance made by the plaintiff in which the plaintiff stated that the truck in question was of the model of the year 1927; that the said truck was purchased in May, 1927, and that the actual cost of the truck was $6,000; defendant alleged that said truck was of the year model 1925, and was purchased the 1st day of January, 1926. Plaintiff replied to this plea that the policy of insurance was not issued upon an application made by the

plaintiff as was in said plea alleged. The defendant joined issue.

The second special plea alleged that the plaintiff executed and delivered to the defendant a proof of claim in which he stated that the year model of the truck in question was 1926, and that it was purchased from the Myers Motor Mart for $5,700 in 1926. The defendant then alleged in said plea that the statement that it was purchesd new from the Myers Motor Mart for $5,700 was wilfully false and fraudulent, as the car was in fact purchased for $4,975. The said plea further alleged that plaintiff stated in his application that there was no incumbrance upon the automobile, which statement was false and fraudulent, when as a matter of fact there was a lien for $250 on said automobile. The plaintiff replied to said second plea that he had made no false or fraudulent statement as to the purchase price of said automobile in a proof of claim, and that he made no application for insurance in which he stated there was no incumbrance upon the automobile for the purpose of defrauding such insurance company. The defendant joined issue.

The third special plea alleged that the damage to the truck was purposely inflicted by the assured or by someone at his request. The plaintiff replied denying such allegation.

The fourth special plea alleged that the plaintiff made his application for insurance stating the car was of the year model 1927, purchased in May, 1927, and that the actual cost of the truck was $6,000, whereas, as a matter of fact said truck was purchased the 1st day of January, 1926, was of the year model 1925, and that the actual cost of the truck was $4,975. Said plea also alleged that the plaintiff made an affidavit of claim in which he stated under oath that the automobile was purchased in February, 1926, from Myers Motor Mart for the sum of $5,700, and the defendant alleged that

said statements in the application and proof of claim were at variance with each other and were made for the purpose of concealing and misrepresenting the material facts concerning the insurance and were made for the purpose of defrauding the insurance company. Plaintiff replied to this fourth plea that he made no application for insurance and that he made no statement in the proof of claim for the purpose of concealing or misrepresenting any material fact or for the purpose of attempting to defraud the defendant. The defendant joined issue.

As required by the statute the defendant filed, in support of his pleas, an affidavit in which he swore that his defense was that the plaintiff had made an application for insurance, and in such application stated that the truck was of the year model 1927, and was purchased in May, 1927, and that the actual cost of the same was $6,000; that the policy of insurance was issued in response to said application so made by the defendant and that in truth and in fact the automobile was of the year model 1925; was purchased the 1st day of January, 1926, and that the statements of the plaintiff were untrue and material to the risk, and that the defendant accepted such statements of the plaintiff in his application without investigation or inspection. The affidavit further recited that the plaintiff made, executed and delivered to the defendant a proof of loss in which the plaintiff stated that the car was of the year model 1926, was purchased new from the Myers Motor Mart for $5,700 in the year 1926, when as a matter of fact the statement of the plaintiff that he purchased the car new from the Myers Motor Mart for $5,700 was a wilfully false and fraudulent statement as to the purchase price because the car was purchased for $4,975. The affidavit further recited that the plaintiff stated in his application for insurance that there was no incumbrance on the auto-

mobile, which statement was false and fraudulent because there was a lien for $250 on said automobile at the time, and such statement of the plaintiff was made for the purpose of defrauding the defendant. The affidavit further recited that the affiant believed that plaintiff had wilfully destroyed the truck by his own hands or by the hands of someone else unknown to the defendant.

Plaintiff's declaration in the special count avers the policy of insurance, the fire and the making of proofs of loss and the performance of all the conditions of the contract and avers: "And also he sustained said loss and damage to his automobile truck by fire, in the manner and to the extent above set forth, to wit, thirty-five hundred dollars ($3,500)," etc. In one of the common counts the plaintiff avers that he sold and delivered goods to the defendant of the value of $3,500. The declaration does not otherwise show or allege the actual value of the truck mentioned in the policy, at the time of the fire in question. The terms of the policy set out in plaintiff's declaration, provided: "It being expressly agreed and understood that the liability of the Underwriters for such damage or destruction is limited to the actual intrinsic value of the property damaged or destroyed at the time of its damage or destruction, or the cost of suitable repair or replacement, not exceeding, in any event, the sum of $1,000."

Plaintiff, neither by averment nor proof, alleged or offered to prove the actual, intrinsic value of the truck, and insisted that inasmuch as defendant had not controverted the damage alleged in its affidavit of claim, defendant was estopped to show the value of the car. The court sustained objections to all such proofs offered on the part of the defendant, and instructed the jury that in case they found a verdict for plaintiff it should be in the sum of $3,500, which was so found, although one witness testified that the value of the

truck was only $1,200. This testimony was not stricken out and was not contradicted.

We do not see under the terms of this policy how plaintiff can properly allege and prove the liability of the defendant, except by alleging and proving the actual, intrinsic value of the car. The proof of loss and damage to the plaintiff under such circumstances does not prove the liability of the defendant. We are of the opinion that the court erred in this case in not permitting the defendant to show the actual value of the truck. In this case plaintiff is in the anomalous position of bringing suit upon a policy of insurance which recites: "In consideration of the agreements and statements in the application heretofore signed, which is a part of this contract," etc., and then denying that he ever signed any application and asserting that defendant's agents voluntarily made up the policy without his request and handed it to him. The least that can be said, in a court of law, is that plaintiff cannot claim to have a policy of insurance or contract covering other property than that described in the policy, set out in plaintiff's declaration. That policy covered a truck manufactured by the "International," Factory No. 437, D. A., Motor No. 5822, four cylinders, of the model for the year 1927. Under the terms of this policy it is provided as to proofs of loss: "It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the Underwriters, within sixty days of the date, shall render such claim null and void." Plaintiff did present proofs of loss, under oath, which describe a similar car of a model for the year 1926. Defendant offered in evidence a policy of insurance taken out by plaintiff on April 8, 1927, with the Republic Casualty Underwriters, describing this car as a 1926 model and stating that plaintiff purchased the car in March, 1926. The court refused to admit the

evidence. This was error. It was shown that the rate and terms of insurance varied for the different models. There were different and varying statements made by plaintiff proven as to the cost of the car, tending to show that he paid a considerably larger price for it than it actually cost.

Various proofs were submitted by the defendant which should have been received by the court; and plaintiff was permitted by oral testimony to contradict the terms and provisions, not only of the policy, but of the verified proofs of loss, all of which was error in a court of law.

Complaint is also made repeatedly at the remarks of plaintiff's counsel, before the jury, and to the extent that the court threatened to dismiss the jury and should have done so. Upon defendant's counsel asking to see a paper plaintiff's counsel refused, stating: "I am told you tried to get it once." Plaintiff's counsel stated in the presence of the jury: "I have a picture here showing the entire situation." The picture was not admitted in evidence. Plaintiff's counsel stated: "I thought you wanted the jury to know the facts in the case." Plaintiff's counsel asked a witness: "Do you get paid for testifying this way?" Various interjections of this nature were made. In the argument plaintiff's counsel indulged in the following: "Some of you gentlemen in being examined said you had taken out insurance for one thing and another in the past. I have a few policies myself and I will venture to state that your experience with the insurance agent has been the same as mine; all they are anxious for is to get your application, get you to say the word and they get away as quick as they can so you won't change your mind—.

"Mr. Mann: Object to that remark.

The Court: The jury will disregard any statement by counsel which is not supported by the evidence.

Mr. Carter: I say that is a correct statement of our ordinary experience.

Mr. Mann: Object again.

Mr. Carter: And justified by the evidence in this case.

Mr. Mann: Object to that remark.

The Court: Yes, the jury will disregard any statement which is made that is not supported by the evidence or is not properly inferable from the evidence.

Mr. Carter: Does the court say this is not inferable from the evidence?

The Court: No, that is for the jury to decide.''

The pleadings were discussed and the jury informed by plaintiff's counsel that they, the jury, could take the pleadings to their jury room and study their intricacies. All this was error. A reviewing court should let no verdict stand secured in the manner as this record indicates.

There are other errors in the case that doubtless will be corrected on another trial. In the manner that this case has been presented to this court we forbear to express any opinion as to its merits. Defendant's brief is not systematic, quotes much testimony without giving references and rather argues incidents than principles, and is not enlightening. If tried in the same manner in the court below by defendant's counsel, he may, without committing fault, have invited some of the errors.

For the errors pointed out the verdict and judgment of the circuit court of Vermilion county are reversed and the cause remanded for further proceedings.

*Reversed and remanded.*